

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500   F 212.307.5598   www.Venable.com

October 4, 2023

Allison B. Gotfried
t 212.370.6227
f 212.307.5598
ABGotfried@Venable.com

**VIA ECF**
Honorable Lorna G. Schofield
United States District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    <u>Timothy Rodgers v. Mercy College, et al.</u>, 23-cv-7278 (LGS)

Dear Judge Schofield:

      This firm represents defendant Defendants Mercy College, Dr. Jose Herrera, and Timothy Hall ("Mercy Defendants") in the above-referenced matter. Pursuant to the Court's September 22, 2023 Order (*see* Docket Entry No. 14), the Mercy Defendants submit this letter advising the Court of the status of the action. Please be advised that counsel for the Mercy Defendants contacted Plaintiff's counsel to collaborate on the required joint letter. On October 4, 2023, Plaintiff's counsel informed counsel for the Mercy Defendants that it would be drafting his portion of the joint letter. Plaintiff's counsel will submit Plaintiff's portion separately. Accordingly, the Mercy Defendants submit this letter with only their portions of the required information. Per the Court's Order, counsel for the Mercy Defendants also submit the Proposed Case Management Plan with proposed deadlines, but based on the delay in Plaintiff's response, were unable to confer with Plaintiff on the deadlines prior to this submission.

      As an initial matter, please note that Venable LLP does not represent Defendants Dr. Kristine Southard and William Latimer. While Plaintiff's Affidavits of Service indicate that a Mercy College employee accepted service on their behalf, this was the result of a clerical error, and Mercy College was not authorized to accept service on their behalf. These individuals are not associated with Mercy College, and any allegations made against them occurred while these individuals were employees of the College of New Rochelle ("CNR").

**<u>Background</u>**

      Plaintiff identifies as a Black male, and a former employee of CNR. Plaintiff was employed by CNR as an Assistant Professor and Campus Director until August 16, 2019, when he was terminated by CNR. On August 16, 2023, Plaintiff filed the instant complaint ("Complaint"). Plaintiff alleges the following cause of action: (i) discrimination in violation of 42 U.S.C. § 1981 ("1981"); (ii) discrimination on the basis of race and retaliation in violation of Title VI of the Civil



Honorable Lorna G. Schofield
October 4, 2023
Page 2

Rights Act of 1964 ("Title VI"); (iii) breach of contract; and (iv) discrimination, hostile work environment, and retaliation in violation of the New York State Human Rights Law ("NYSHRL").

**<u>The Mercy Defendants' Principal Defenses and Major Legal and Factual Issues</u>[1]**

As the Mercy Defendants were only recently served on September 21, 2023, they have been unable to fully investigate all the allegations in the Complaint. However, based on the information available to them at this time, the Mercy Defendants are confident they have numerous defenses to assert in this action, many of which would lead to summary dismissal at the motion to dismiss stage. First, Plaintiff faces a significant statute of limitations hurdle. Plaintiff claims he was terminated from employment on August 16, 2019. Plaintiff brought the instant lawsuit on August 16, 2023. Plaintiff's Title VI and NYSHRL claims are barred by a three-year statute of limitations period. C.P.L.R. § 214(2); *Al-Haideri v. Trs. of Columbia Univ. in N.Y.*, 07-cv-106(LTS)(DCF), 2007 U.S. Dist. LEXIS 55099 (S.D.N.Y. July 26, 2007); *Williams v. N.Y.C. Health & Hosps. Corp.*, 44 Misc. 3d 1231 (Sup. Ct. Bronx County 2014). Further, Plaintiff's NYSHRL claim is similarly subject to dismissal as Plaintiff elected his remedies by going through the complaint process with the New York State Division of Human Rights. *See Strusman v. NYU Langone Hosps.*, 19-cv-9450 (LJL), 2020 U.S. Dist. LEXIS 109323 (S.D.N.Y. June 22, 2020). Plaintiff's Verified Complaint was assigned to an administrative law judge, who dismissed the case *at Plaintiff's request* for administrative convenience. Accordingly, Plaintiff has elected his remedies, and cannot bring claims based on the same transaction and occurrences in any court of competent jurisdiction. *See Strusman v. NYU Langone Hosps.*, 2020 U.S. Dist. LEXIS 109323. For the same reason, Plaintiff cannot take advantage of the tolling provision under the NYSHRL. *See id.* Plaintiff's breach of contract claim will fare no better. Plaintiff will be hard-pressed to establish a breach of contract claim for his at-will employment, particularly in the context of the closing of his employer, where there can be no expectation that a successor employer will take on the employ of any individual. *See, e.g., Webb v. Greater New York Auto. Dealers Ass'n, Inc.*, 144 A.D.3d 1136, 1139 (2d Dep't 2016).

In addition to the foregoing, Plaintiff's Complaint will fail due to his inability to, *inter alia*, establish any causal connection between the complained-of actions and Plaintiff's race or his alleged protected activity. Plaintiff's Complaint is riddled with conclusory allegations and buzzwords in an attempt to stave off dismissal. However, Plaintiff fails to establish even a *prima facie* case of discrimination, retaliation, or hostile work environment. Indeed, a close reading of the Complaint reveals that Plaintiff pins the purported discriminatory and retaliatory behavior on individuals *who were not employees of Mercy College*, and that such actions occurred *prior to*

---

[1] The Mercy Defendants submit the defenses stated herein based on their evaluation of the matter at this stage. This letter does not constitute a waiver of any affirmative defenses or arguments that the Mercy Defendants may wish to assert during the litigation. Additionally, by including any facts in this letter, the Mercy Defendants do not make any admissions of any kind.



Honorable Lorna G. Schofield
October 4, 2023
Page 3

Mercy College's assumption of CNR. The timeline alone obviates liability on behalf of the Mercy Defendants.

As stated above, the Mercy Defendants are only in the preliminary stages of investigating the allegations. However, at this juncture, the Mercy Defendants identify the following major legal and factual issues that would impact the case:

- The nature of the deal/relationship between CNR and Mercy College;
- Whether Mercy College is covered by Section 1981 and Title VI;
- Which individuals made the decision to terminate Plaintiff's employment;
- Which entity made the decision to terminate Plaintiff's employment;
- Who was hired as the Campus Director after Mercy College assumed CNR;
- Mercy College's hiring practices;
- The assumption of CNR staff by Mercy College post-dissolution of CNR;
- What representations were made in writing to CNR staff members, and whether those are sufficient to establish a breach of contract claim;
- What representations were made orally to CNR staff members, and whether those are sufficient to establish a breach of contract claim;
- The timeline of the relevant events;
- Whether the instances complained are sufficient to establish a hostile work environment; and
- Whether the individuals named in the Complaint are legally-sufficient comparators.

**Subject Matter Jurisdiction and Venue**

At this point in the litigation, the Mercy Defendants are not challenging whether the Court has subject matter jurisdiction over the claims or whether Plaintiff filed the action in the correct venue.

**Intended Motions**

The Mercy Defendants intend to file a motion to dismiss Plaintiff's Complaints based on the grounds articulated *supra*. The Mercy Defendants intend to seek a pre-motion conference pursuant to Local Civil Rule 37.2.

**Discovery**

To date, neither party has taken any discovery, as the litigation is currently in the pre-answer stage. However, in the event this litigation proceeds to the discovery stage, the Mercy Defendants intend to serve document demands and interrogatories, and conduct depositions of the relevant witnesses. At this point, the Mercy Defendants have not identified all relevant witnesses.



Honorable Lorna G. Schofield
October 4, 2023
Page 4

**Settlement Discussions**

The Parties have not engaged in settlement discussions. The Mercy Defendants remain open to discussing settlement, but have not received a demand from Plaintiff.

**Other Relevant Information**

At this early stage, the Mercy Defendants are bound by the allegations as set forth in the Complaint. However, the Mercy Defendants are confident that, if this case proceeds to discovery, information will be uncovered that will cast serious doubt on the veracity of many of the allegations in the Complaint or on Plaintiff's understanding of the timeline, relevant decision-makers, and responsible entities.

Thank you for your time and attention to this matter.

Respectfully submitted,

/s/ Allison B. Gotfried

Allison B. Gotfried

cc: Albert D. Manuel III, Esq., *Attorney for Plaintiff* (via ECF)