

## THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington
Albert D. Manuel III
Leah E. Jackson
Cobia M. Powell

Of Counsel
Oscar Holt III
Jay D. Umans

October 4, 2023

HON. LORNA G. SCHOFIELD
Thurgood Marshall
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: Rodgers v. Mercy College, et.al.
    Docket No.: 23-cv-7278 (LGS)

Dear Judge Schofield,

  As the record reflects, we are the attorneys representing Plaintiff Timothy Rodgers in the above referenced matter. Plaintiff submits this letter, pursuant to this Court's Order of September 22, 2023, advising of the current status of this matter. Plaintiff acknowledges the Court's Order to file a joint letter. However, Defendants elected to file their letter independently as Plaintiff did not finalize his portion prior to 5:00 p.m. Additionally, attached is Plaintiff's portion to the Proposed Case Management Plan.

**Brief Statement of Facts**

  Professor Timothy Rodgers was employed by the College of New Rochelle ("CNR") from June 2, 1997 until Defendant Mercy College took over that college and its staff on August 16, 2019. At that time Professor Rodgers was terminated and denied the ability to transition with other staff to Mercy College. There was only one faculty member who had more employment experience with The College of New Rochelle than Plaintiff, who was employed by CNR twenty two (22) years.

  Professor Rodgers is an African American man who served as Campus Director for seven (7) years and as an Assistant Professor of Liberal Arts for thirteen (13) years. Professor Rodgers taught classes each and every semester, including summers, for twenty two (22) consecutive years. Prior to being denied a transition by Mercy College and terminated, Professor Rodgers received numerous awards, recognitions and achievements including, being elected five consecutive years to the Instructional Staff Committee regarding all Faculty matters; being elected to the Committee for Rank, Salary and Compensation; being elected to the College Senate for six consecutive years; being

elected to the Senate Chair for two years and being the first African American person to hold this position in the 100 year history of the College of New Rochelle; being. Chair of the Presidential Advisory Committee from 2018 until his termination by Defendant Mercy College.

During his tenure, particularly in the months leading to The College of New Rochelle's student body and faculty transitioning into Mercy College, Professor Rodgers experienced explicit and implicit racial animus on behalf of the individually named Defendants. In addition to racial epithets and negative African American stereotypes being used by faculty in his presence, Professor Rodgers was made promises that he would remain employed. However Professor Rodgers was terminated following the registration of large numbers of students, many if not most of whom were African American and/or people of color, who believed Defendants when they were informed that Professor Rodgers would also make the transition to Mercy College. Professor Rodgers was not permitted to transition to Mercy College due to the racial animus of Defendants.

### **Principal Claims and Legal Issues**

The foundational claim in this matter is racial discrimination pursuant to Section 1981 of the Civil Rights Act of 1866 (Section 1981). Section 1981 applies to all private employers and prohibits discrimination on the basis of race, color, and ethnicity when making and enforcing contracts. Section 1981 specifically grants all individuals within the US jurisdiction the same rights and benefits as "enjoyed by white citizens" regarding contractual relationships (42 U.S.C. § 1981(a)). Courts have interpreted Section 1981 to apply to the employment context, including at-will employment and the independent contractor relationship. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454 (1975); and *Lauture v. Int'l Bus. Machs. Corp.*, 216 F.3d 258, 260-61 (2d Cir. 2000)) Section 1981 also prohibits retaliation.

Plaintiff views all claims of statutory violations, §§1981, Title VI, Breach of Contract and violations of the Human Rights Law as stemming from the discriminatory animus inflicted upon Professor Rodgers. As such, the major legal issues involve, and are not limited to:
- Whether Mercy College is covered under §1981;
- Whether the individual supervisors were personally involved in the discriminatory behavior;
- The contractual relationship between Mercy College and The College of New Rochelle;
- Was Professor Rodgers subjected to disparate treatment, harassment, and/or retaliation;
- Whether Mercy College is covered under Title VI under the facts of this case

### **Subject Matter Jurisdiction**

This Court maintains subject matter jurisdiction over the claims asserted. The jurisdiction of this Court is invoked under 28 U.S.C. §§1331 and 1343. This Court is requested to exercise pendent

jurisdiction with respect to Plaintiff's State law claims pursuant to 28 U.S.C.§ 1367. Venue in the Southern District of New York is proper under 28 U.S.C. §1391, based as Defendants conduct business in the State of New York, specifically Westchester County.

### Motions

At this stage of litigation, Plaintiff does not anticipate filing any motions against Defendants.

### Discovery

At this stage there has been no discovery exchanged. Plaintiff will file Interrogatory and Document Demands as well as Demands to take depositions and likely post deposition demands.

### Damages

It is anticipated that a reasonable Jury will be informed that if they find that the defendants are liable to the Plaintiff, then they must determine an amount that is fair compensation for all of the Plaintiffs' damages. It is further anticipated that the Jury will be told that the purpose of compensatory damages is to make the Plaintiff whole, that is, to compensate the Plaintiff for the damages that the Plaintiff has suffered as a result of the Defendants discriminatory and violative acts. It can reasonably be anticipated that the Jury will be informed that compensatory damages are not limited to lost wages, economic losses, loss of pension and other expenses that the Plaintiff may have incurred because of his injuries. In addition to his economic losses and expenses, we anticipate that the Court will inform the Jury that Plaintiff may receive compensatory damages for the medical conditions, pain and suffering, mental anguish, shock, embarrassment, humiliation, fear, damage to reputation and discomfort that he has suffered because of the defendants' conduct.

While the Jury will be asked to award damages that will be fair compensation for all of the Plaintiffs' injuries, same will not be based on speculative injuries but which are based on those injuries which the Plaintiff has actually suffered, or that the Plaintiff is reasonably likely to suffer in the future.

We anticipate that the Jury will be instructed that computing damages may be difficult, and that the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. It is Plaintiff's belief that the these damages will be based on the use of the Jury's sound discretion and ability to draw reasonable inferences from the facts and circumstances that will be proven at trial.

Further, in addition to the economic damages outlined above the Plaintiff is considering an expert economist evaluation. Further, we anticipate that the Jury will consider the following general categories of damages, to the extent that they find them proven by a preponderance of the evidence for past, current and future damages.

    A.    Pain, Suffering, and Emotional Distress
    B.    Pain and Suffering—Loss of Enjoyment of Life
    C.    Permanent Injuries—Life Expectancy Tables
    D.    Punitive Damages

The level of the damages is anticipated to be in line with the distressing and severe actions of the Defendants in this case. Accordingly, it is anticipated that damages, other than economic will reach the approximate value of the those claimed and sought in the Complaint of damages in excess of seven figures, which is anticipated to be at least $5,000,000.00. See e.g. ; *Brady v. Wal-Mart Stores, Inc.*, EDNY CV 03-3843(JO); *Ortiz v. NYC Housing Authority*, 198 F.3d 234 (2d Cir. 1999); *Passantiono v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493(9th Cir. 2000); *Gagliardo v. Connaught Laboratories, Inc.*, 311 F.3d 565 (3d Cir. 2002); *Peterson v. City of Hartford*, 99 CV 818, 2002 WL 1275394 (D. Conn. 2002) and *Grisanti v. Cioffi*, No. CIV399CV490JBA, 2001 WL 777435(D. Conn. 2001). Of course the amount of punitive damages that a Jury would award will be based on the need to punish the wrongdoer for the violation of constitutional rights, or some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct. It is anticipated that the Jury will consider the degree of reprehensibility of the defendants' conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the Plaintiff in fixing the amount of punitive damages. This level of damages will consider Plaintiff's losses and include medical benefits, psychologist treatment, wages, pension benefits, lack of funds to upgrade home, and attorney fees.

**Settlement discussions**

As of this writing, the parties have not engaged in settlement discussions. Plaintiff is not adverse to settlement discussions.

We thank the Court for its time and attention in this matter.

Sincerely,

Albert D. Manuel III

cc: Allison B. Gottfried, Esq. (Via ECF)


ADM:dm

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
TIMOTHY RODGERS                                                   :
                                                                  :
                                                                  :
                            Plaintiff(s),                         :    __ Civ. _____ (LGS)
              -v-                                                 :
                                                                  :    CIVIL CASE
MERCY COLLEGE, DR. JOSE FERRERA, TIMOTHY HALL                     :    MANAGEMENT PLAN
DR. KRISTINE SOUTHARD, and WILLIAM LATIMER                        :    AND SCHEDULING
                            Defendant(s).                         :    ORDER
                                                                  :
------------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties [have _____ / have not __X__] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

        a.     An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No __X__]

        b.     A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
[Yes _____ / No __X__]

        c.     A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
[Yes _____ / No __X__]

        d.     A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No __X__]

4.  Alternative Dispute Resolution/Settlement

    a.  Settlement discussions [have _____ / have not __X__ ] taken place.

    b.  Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
        The parties have held no such discussions as of this writing.

    c.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
        The parties have held no such discussions as of this writing.

    d.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
        Following the exchange of responses to interrogatories and document demands and prior to depositions.

    e.  **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.  No additional parties may be joined after _12.10.2023_ without leave of Court.

6.  Amended pleadings may be filed without leave of Court until Defendants file an answer and Plaintiffs file an Amended Pleading as of Right.

7.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __21__ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.  Fact Discovery

    a.  All fact discovery shall be completed no later than 120 days from Initial Conference. *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

    b.  Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by calculated following decision on Defendants Motion to Dismiss

2

    c.    Responsive documents shall be produced by <u>calculated following decision on Defendants Motion to Dismiss</u>.
Do the parties anticipate e-discovery? [Yes <u>x</u> / No <u>   </u>]

    d.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by <u>calculated following decision on Defendants Motion to Dismiss</u>

    e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by <u>calculated following decision on Defendants Motion to Dismiss</u>

    f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by <u>calculated following decision on Defendants Motion to Dismiss</u>

    g.    **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.    Expert Discovery [if applicable]

    a.    Anticipated types of experts if any:
<u>Economic</u>
<u>Mental Health</u>

    b.    If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than <u>calculated following decision on Defendants Motion to Dismiss</u> *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

    c.    If you have identified types of experts in question 9(a), by <u>calculated following decision on Defendants Motion to Dismiss</u> *later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.    This case [is <u>X</u> / is not <u>   </u>] to be tried to a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is <u>7 days</u>.

3

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:
    Timing for pre-motion conference in anticipation of Defendants Motion to Dismiss
    _____
    _____
    _____
    _____
    _____

13. Status Letters and Conferences -** calculated following decision on Defendants Motion to Dismiss

    a. By _____ *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

    b. By _____ *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On _____ at _____ A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

   Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

   The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference, even though the conference will be held by telephone.

   SO ORDERED.

Dated: _____
   New York, New York

                     LORNA G. SCHOFIELD
                     United States District Judge

Counsel for the Parties:

Law Offices of Frederick K. Brewington
Attorneys for Plaintiff
~~By: Albert D. Manuel, Esq.~~

5