

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500   F 212.307.5598   www.Venable.com

November 10, 2023

Allison B. Gotfried
t 212.370.6227
f 212.307.5598
ABGotfried@Venable.com

**VIA ECF**
Honorable Lorna G. Schofield
United States District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *Timothy Rodgers v. Mercy College, et al.*, 23-cv-7278 (LGS)
              Pre-Motion Letter Regarding Motion to Dismiss

Dear Judge Schofield:

      We represent Defendants Mercy College ("Mercy"), Dr. Jose Herrera, and Timothy Hall (collectively, "Mercy Defendants") in the above-captioned matter. We write pursuant to Section III(C)(2) of Your Honor's Individual Rules and Procedures for Civil Cases in advance of moving to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6).

      Plaintiff Timothy Rodgers ("Plaintiff"), a black male, is a former employee of the College of New Rochelle ("CNR"). On August 16, 2023, Plaintiff filed the instant complaint ("Complaint"). Plaintiff alleges the following causes of action: (i) discrimination in violation of 42 U.S.C. § 1981 of the Civil Rights Act of 1866 ("1981"); (ii) discrimination on the basis of race and retaliation for opposing discriminatory practices in violation of Title VI of the Civil Rights Act of 1964 ("Title VI"); (iii) breach of contract; and (iv) discrimination, hostile work environment, and retaliation in violation of the New York State Human Rights Law ("NYSHRL").

      Notably, Plaintiff was *never* employed by Mercy, yet focuses exclusively on Mercy in the Complaint. CNR is no longer an operational entity, and the Complaint is rife with evidence that Plaintiff knew that CNR would be winding down operations and filing for bankruptcy. If he believed that he had a claim against CNR, Plaintiff's proper course of action was to file a claim during CNR's bankruptcy proceeding. He did not, and now Plaintiff attempts to baselessly shift liability to Mercy. Thus, Defendants seek dismissal of these claims on the grounds that Plaintiff fails to state a claim, as required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

      **I.**    **Facts Relevant to Mercy Defendants' Contemplated Motion[1]**

      Plaintiff was employed by CNR as an Assistant Professor and Campus Director for 22 years, from June 2, 1997 until his termination on August 16, 2019. Compl. ¶ 9. As a result of the financial crisis in 2016, and having reached a teach-out agreement with Mercy, CNR began to

---

[1] The facts recited herein are taken from the Complaint and accepted as true for the limited purpose of Mercy Defendants' contemplated motion. Nothing herein is intended or should be construed as an admission.



Honorable Lorna G. Schofield
November 10, 2023
Page 2

wind down operations in early 2019 with the goal of transitioning its students to Mercy for the Fall 2019 semester. Compl. ¶ 28. Plaintiff did not apply to, and was not hired by, Mercy because his position was redundant of a current Mercy employee, and so, therefore, he was never employed by Mercy. Nonetheless, Plaintiff alleges that he was wrongfully terminated from Mercy based on race and in retaliation for opposing discriminatory practices. The only non-conclusory allegation in the Complaint alleges that, on May 2, 2019, Defendant Kristine Southard, the Dean of The School of Resources at CNR (*and not an employee of Mercy*), "displayed a racially offensive video to her staff which on that date was comprised of approximately seven (7) other staff members, including Plaintiff and one (1) other African American," and "repeatedly and clearly spoke the 'n word' to her audience and/or constantly repeated the word." Compl. ¶¶ 43-44. Plaintiff thereafter complained to Brian Johnson, the Vice President of CNR (again, *not an employee of Mercy*), about the meeting with Southard and included a copy of the video. Compl. ¶ 46. Thus, the only allegations he asserts indicating discriminatory animus were made by CNR employees while Plaintiff was employed by CNR.

## II.     Grounds for Contemplated Motion

### A. Plaintiff's Claims Under Title VI and NYSHRL Are Barred by the Statute of Limitations.

Plaintiff alleges that he was terminated from employment/not hired by Mercy on August 16, 2019. *See* Compl. ¶¶ 3, 9, 16. Plaintiff brought the instant lawsuit exactly four years later on August 16, 2023. Thus, Plaintiff's Title VI and NYSHRL claims are barred by a three-year statute of limitations period. C.P.L.R. §214(2); *Sherman v Yonkers Pub. Sch.*, No. 21-CV-7317 (CS), 2023 U.S. Dist. LEXIS 3802, at *10 (S.D.N.Y. Jan. 9, 2023) (Title VI); *Enechi v City of NY*, No. 20-CV-8911 (AT), 2023 U.S. Dist. LEXIS 173014, at *11 (S.D.N.Y. Sep. 27, 2023) (NYSHRL).

### B. Plaintiff's Claims of Discrimination Fail.

Plaintiff does not and cannot point to any causal connection between Mercy's decision not to hire him and his race and/or alleged protected activity. It is axiomatic that "naked allegation[s]" that the defendant took particular actions due to a plaintiff's race—such as those that Plaintiff makes here—are insufficient to state a claim under Title VI. *See Kajoshaj v. N.Y.C. Dep't of Educ.*, 543 F. App'x 11, 14 (2d Cir. 2013); *see also Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 533 (S.D.N.Y. 2013). However, an even more fundamental issue with the Complaint is that it focuses all of its attention and allegations on individuals who were not employees of Mercy and in a timeframe before Mercy assumed CNR's students—undermining any claim for liability against Mercy or the other Mercy Defendants.

Case 1:23-cv-07278-LGS   Document 29   Filed 11/10/23   Page 3 of 3



Honorable Lorna G. Schofield
November 10, 2023
Page 3

### C. Plaintiff Does Not Allege the Existence of a Contract with Mercy, Requiring Dismissal of his Breach of Contract Claim.

"It is axiomatic that [w]ithout [an] agreement . . . there can be no contract [and] [w]ithout a contract there can be no breach of the agreement." *Schaffe v SimmsParris*, 918 N.Y.S.2d 531, 532 (App. Div. 2011). Throughout the Complaint, Plaintiff is intentionally ambiguous as to the precise basis for his breach of contract claim. First, he alleges that he was given an employment contract on or about March 14, 2019. Compl. ¶ 33. Then, he alleges that, on May 2, 2019, Mercy distributed employment contracts to everyone in attendance at a staff meeting, aside from Plaintiff. Compl. ¶¶ 45, 63. Finally, Plaintiff comes full circle and claims that "Defendant [Mercy] extended an offer of employment to Plaintiff, which carried with it the implied promises that Plaintiff would be treated fairly and in good faith, and not discriminated against due to his race and/or color, nor retaliated against during the course of his employment with the Defendants." Compl. ¶ 81.

Plaintiff's own admission that he was never offered a contract for employment with Mercy dooms his breach of contract claim on its face. To the extent Plaintiff is attempting to allege that his at-will employment with CNR carried over to Mercy, his claim still fails. *See Miller v Huntington Hosp.*, 792 N.Y.S.2d 88, 89 (App. Div. 2005); *Smalley v Dreyfus Corp.*, 882 N.E.2d 882, 884 (N.Y. 2008) (noting that New York has "repeatedly refused to recognize exceptions to, or pathways around, these principles").

### III.   Proposed Briefing Schedule

In accordance with Your Honor's Individual Rules, Mercy Defendants propose the following briefing schedule for its motion to dismiss:

Mercy Defendants' Moving Brief — December 1, 2023
Plaintiff's Opposition Brief — December 22, 2023
Mercy Defendants' Reply Brief — January 12, 2024

Thank you for your time and attention to this matter.

Respectfully submitted,

*/s/ Allison B. Gotfried*

Allison B. Gotfried