# THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

**Attorneys and Counselors at Law**
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington
Albert D. Manuel III
Cobia M. Powell

Of Counsel
Oscar Holt III
Jay D. Umans

January 12, 2024

VIA ELECTRONIC CASE FILING
Hon. Lorna G. Schofield
Thurgood Marshall
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Honorable Judge Schofield,

Re:   Timothy Rodgers v. Mercy College, et. al.
      Docket No.: 23-CV-07278

> By **January 25, 2024**, Plaintiff shall file a letter identifying the social media account(s) believed to be linked to Defendant Southard through which he seeks to effect alternative service. The letter shall also state why Plaintiff believes those account(s) belong to Defendant Southard. So Ordered.
>
> Dated: January 23, 2024
>        New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

As the record reflects, we are the attorneys for the Plaintiff in the above-referenced matter. We respectfully submit this correspondence in accordance with Your Honor's Order dated January 8, 2024.

Plaintiff's attempts to locate and serve Defendant Southard are well documented and include hiring private investigators and searching for Defendant Southard in four (4) separate states (see DE#'s 20, 23, 26, 27 and 42 ). As a result of Plaintiff's ongoing and as of yet unsuccessful attempts at serving Defendant Southard through standard means, Plaintiff respectfully requests this Court grant Plaintiff alternative means of service pursuant to CPLR 308 (5). CPLR 308(5) vests a court with the discretion to direct an alternative method of service of process when it has determined that the methods set forth in CPLR 308(1), (2), and (4), which provide for service by personal delivery, delivery and mail, and affixing and mailing, respectively, are impracticable (see *Born To Build, LLC v. Saleh*, 139 A.D.3d 654, 655, 31 N.Y.S.3d 545; *Matter of Kaila B.*, 64 A.D.3d 647, 648, 883 N.Y.S.2d 132; *Contimortgage Corp. v. Isler*, 48 A.D.3d 732, 734, 853 N.Y.S.2d 162). "The impracticability standard does not require the applicant to satisfy the more stringent standard of due diligence under CPLR 308(4) nor make an actual showing that service has been attempted pursuant to CPLR 308(1), (2), and (4) (see *Matter of Kaila B.*, 64 A.D.3d at 648, 883 N.Y.S.2d 132; *Contimortgage Corp. v. Isler*, 48 A.D.3d at 734, 853 N.Y.S.2d 162; *State St. Bank & Trust Co. v. Coakley*, 16 A.D.3d 403, 403, 790 N.Y.S.2d 412; *Astrologo v. Serra*, 240 A.D.2d 606, 606, 659 N.Y.S.2d 481). "Once the impracticability standard is satisfied, due process requires that the method of service be 'reasonably calculated, under all the circumstances, to apprise' the defendant of the action" (*Contimortgage Corp. v. Isler*, 48 A.D.3d at 734, 853 N.Y.S.2d 162, quoting *Mullane v.*

*Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865)." *Jean v Csencsits* 171 A.D.3d 114999 N.Y.S.3d 3482019 N.Y. Slip Op. 03034. Here, Plaintiff has demonstrated that it was impracticable to serve Defendant Southard pursuant to CPLR 302(1), (2), and (4), and this Court's order directing service through alternative forms would be reasonably calculated to apprise the Defendant Southard of the action under the circumstances of this case *(see generally Contimortgage Corp. v. Isler*, 48 A.D.3d at 734, 853 N.Y.S.2d 162).

In this case, Plaintiff requests alternative service rather than an extension of time to effectuate service as there is no error or defect in Plaintiff counsel's attempts at service. Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see CPLR 306–b). "If service is not made upon a defendant within the time provided in [CPLR 306–b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306–b). "Good cause requires the plaintiff to demonstrate, as a threshold matter, 'reasonably diligent efforts' in attempting to effect service" *Bank United, FSB v. Verbitsky*, 167 A.D.3d 833, 833–835, 91 N.Y.S.3d 147, quoting *Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d 95, 105, 736 N.Y.S.2d 291, 761 N.E.2d 1018. "However, the more flexible 'interest of justice' standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant" *Estate of Fernandez v. Wyckoff Hgts. Med. Ctr.*, 162 A.D.3d 742, 744, 80 N.Y.S.3d 271; see *Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d at 105, 736 N.Y.S.2d 291, 761 N.E.2d 1018). "Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter" (*Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d at 105, 736 N.Y.S.2d 291, 761 N.E.2d 1018; see *Wells Fargo Bank, NA v. Barrella*, 166 A.D.3d 711, 713, 88 N.Y.S.3d 36). "However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" *(Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d at 105–106, 736 N.Y.S.2d 291, 761 N.E.2d 1018; see *Bumpus v. New York City Tr. Auth.*, 66 A.D.3d 26, 32, 883 N.Y.S.2d 99). In this case, Defendants provided a last known address of Southard, Plaintiff located the last known employment and subsequently located possible relatives, neighbors and acquaintances. An extension of time to effectuate service would remain impracticable and not be as fruitful as granting an alternative means of service.

Furthermore, "[u]nder the statute authorizing a trial court, upon a plaintiff's ex parte application, to direct the manner by which service of process is to be made, the court may go beyond any of the specifically prescribed statutory methods of service and devise an alternative method that fits the particular circumstances of the case." *Baidoo v. Blood-Drazku*, 48 Misc.3d 3095 N.Y.S.3d 7092015 N.Y. Slip Op. 25096. Case law, in accordance with well-established constitutional principles, further imposes the requirement that the method devised by the court be one that is "reasonably calculated, under all the circumstances, to apprise [the defendant] of the pendency of the action" *Hollow v. Hollow*, 193 Misc.2d 691, 696, 747 N.Y.S.2d 704 [Sup.Ct., Oswego County, 2002] [quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94

2

L.Ed. 865 (1950) ]. In this case, Plaintiff has proffered to allow service by an acquaintance of Defendant Southard and we are also aware of a social media account that is/was linked to Defendant Southard. There is case law establishing service by social media as a valid means of alternative service. See *Baidoo v. Blood-Drazku,* where plaintiff was granted service through social media when it was asserted that "...Facebook, constitutes an appropriate form of alternative service under CPLR 308(5). Moreover, contending that she has no other way to reach defendant, she requests that this judicially-crafted method of service be designated the only means by which notice of the divorce action is given." In that case as in this case, we have reached Defendant Southard by phone, but have not been provided a fixed address or valid employment address. Therefore, as it is in this Court's discretion, Plaintiff respectfully requests an alternative means of service by way of acquaintances of Defendant Southard, social media, both options, and any other means this Court sees fit to effectuate service.

We thank the Court for its time and attention in this matter.

Sincerely,

Albert D. Manuel III

ADM:dm