UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIMOTHY RODGERS,
                    Plaintiff,

-against-                                  23 Civ. 7278 (LGS)

                                                  ORDER
MERCY COLLEGE, et al.,
                    Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Plaintiff has filed a request for alternative means of service upon Defendant Southard by leaving the summons with a responsible adult known to Defendant Southard.

       WHEREAS, Plaintiff has been unable to serve Defendant Southard through traditional methods of service.

       WHEREAS, Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an individual in the United States according to the laws of the state where the district court is located.  *See* Fed. R. Civ. P. 4(e)(1).  In New York, when traditional methods of service, like personal service or so-called "nail and mail" service, prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs."  CPLR § 308(5).  "Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute."  *Experience Hendrix, LLC v. Hendrix*, No. 17 Civ. 1927, 2020 WL 6891519, at *2 (S.D.N.Y. Nov. 23, 2020).

       WHEREAS, the Court may permit service by any other method that complies with constitutional due process by being "reasonably calculated, under all the circumstances, to apprise the interested party of the pendency of the action and afford them an opportunity to present their objections."  *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021).

WHEREAS, Plaintiff has shown the impracticability of serving Defendant Southard through traditional means of service. Despite a search that has spanned four states and the hiring of a private investigator to locate Defendant Southard, Plaintiff has been unable to identify a current residential or employment address. Defendant Southard appears to have actual notice of this action through a phone call made by Plaintiff's private investigative staff to Defendant Southard on December 29, 2023, in which she was informed that the caller was attempting to locate her to effect service of a summons. However, according to Plaintiff, Defendant Southard abruptly ended the call after telling the investigator to mail the summons to her address -- without providing that address for service. *Cf. Tishman v. The Associated Press,* No. 05 Civ. 4278, 2006 WL 288369, at *1 (S.D.N.Y. Feb. 6, 2006) (finding service impracticable after defendant "despite being in communication with . . . plaintiff through his attorneys, refuse[d] to disclose his current residence or place of business.").

WHEREAS, Plaintiff has demonstrated that the individual he proposes to serve, Karin Nevin, is likely to be in contact with Defendant Southard as she is Defendant Southard's sister and has already informed Plaintiff's private investigator that she would accept and deliver the summons to Defendant Southard. *See Sec. & Exch. Comm'n v. Premier Links, Inc.*, No. 14 Civ. 7375, 2015 WL 13713753, at *2 (E.D.N.Y. Apr. 28, 2015) (granting plaintiff's alternative service motion because the "individuals that the SEC proposes to serve for each of the defendants are family members or longstanding personal friends, all of whom are likely to be in contact with the respective defendant"). Thus, service through Defendant Southard's sister is reasonably calculated to "apprise [Ms. Southard] of the pendency of the action" -- to the degree she is not already aware -- "and afford [her] an opportunity to present [her] objections." *See Sirius XM Radio Inc*, 339 F.R.D. at 593. It is hereby

2

**ORDERED** that Plaintiff's motion for alternative service on Defendant Southard is **GRANTED**. Plaintiff shall effect service through Defendant Southard's sister, Karin Nevin. It is further

**ORDERED** that Plaintiff shall file proof of service by **February 6, 2024**.

Dated: January 31, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**