<div style="color:blue">
Application **DENIED**. The deposition was ordered to proceed today and not adjourned. Since Witness may not be available, Plaintiff may take the deposition, remotely if necessary, anytime between now and September 25, 2024.

Dated: September 19, 2024
New York, New York

*[signature]*

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**
</div>

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court,
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:** *Timothy Rodgers v. Mercy College, et al*
            Case No. 1:23-cv-07278

Your Honor:

    We represent the defendant, Dr. William Latimer, in the referenced matter. This letter is respectfully submitted in connection with Your Honor's September 18, 2024, Order (ECF 100) denying Plaintiff's application for more time to conduct Dr. Latimer's deposition (ECF 99), and ordering that deposition to go forward, if at all, on September 19, 2024. We write now to request a ruling from the Court that Plaintiff has, in fact, waived Dr. Latimer's deposition in light of his application and gamesmanship over the last 72-hours.

    As the Court's records will reflect, Plaintiff filed his application (ECF 99) this morning at 10:28AM. Prior to this filing, at 9:46AM Mr. Manuel circulated the following email:

> All: I must write the Court regarding the deposition of Defendant Latimer. Judge Cozzens has ordered our trial to now begin with jury selection tomorrow in the matter of Richardson v CEC, et al. **We have no other coverage for the deposition**. (emphasis added)

    He sent another email at 10:07AM stating:

> All: Additionally, one of the attorneys working on this matter is out on vacation, we have the case in Nassau Supreme that was sent out to trial yesterday and Mr. Brewington is caring for his wife who is just released from the hospital after an 11 day stay. We appreciate everyone attempting to adjust their schedules **to ensure the deposition took place** pursuant to Judge Schofield's Order. (emphasis added)

    While Mr. Manuel's application to the Court appears to suggest that his office still had the capacity (and/or intention) to go forward with the deposition despite his request for an adjournment, both of these emails unequivocally indicate that was *not* the case. *See* **Exhibit "A"** hereto.

    In addition, Mr. Manuel's application (and his emails to me) omits the fact that his office knew as early as Monday ***of this week*** that they would not have coverage for the deposition because of the

Hon. Lorna G. Schofield
September 18, 2024
Page 2 of 2

*Richardson* trial. Through my independent research of the filings made in the *Richardson* matter, I came to learn that Mr. Manuel had filed an opposition to his adversaries motion in the Appellate Division which sought to stay the *Richardson* trial, in which he affirms that the presiding judge in that case (Cozzens, J.) had ordered—**on September 16, 2024**—that jury selection would go forward on September 19, 2024. *See* **Exhibit "B"** hereto. And yet, despite knowing this, Mr. Manuel did not advise the parties of his intent to bust Dr. Latimer's deposition until this morning.

In response to Mr. Manuel's emails and his application, the undersigned emailed Mr. Manuel at 10:31AM insisting that calling off the deposition at this late hour was "unacceptable" and reminding him that we had ***pre-paid hotel accommodations*** and ***pre-arranged plans*** to travel to Dr. Latimer's home in Cape Cod, MA, so that we could appear alongside our client as he was being deposed for the first time ever, and as is his right and stated personal desire. In addition, earlier this week, it became apparent that the camera on Dr. Latimer's home computer is inoperable, so our physical presence would be needed for the additional purpose of providing the necessary hardware to facilitate a remote video-deposition. (It is precisely because of these unforeseen technology issues that we are physically present for our client's depositions.)

At 12:55PM, I again implored Mr. Manuel to confirm that it was his intention ***not*** to proceed as scheduled so that Mr. Semprevivo, who was meant to have already begun his drive to Cape Cod, but had paused this plan upon seeing Plaintiff's emails, could plan accordingly.

At 1:07PM, Mr. Semprevivo (who will be trial counsel if this case goes to trial, and who, again, had arranged his entire day around making the 5-6 hour drive to Cape Cod this afternoon) again wrote to Mr. Manuel stating:

> Further to Sara's email, I have attached the hotel confirmation, cancellation policy and total costs ($358.23). Assuming you are not prepared to go forward tomorrow, **I will call the hotel <u>now</u> and see if they will grant an exception to the cancellation policy**. If not, we will expect reimbursement. Thank you. (emphasis added)

At 1:53PM, we received the notification that the Court had denied Plaintiff's application, and it was only at 2:45PM—nearly an hour after the order, and several hours after Mr. Semprevivo needed to have begun his journey to Cape Cod—that Mr. Manuel finally wrote back (totally ignoring that Mr. Semprevivo had already communicated that he had cancelled his travel arrangements), and stating cryptically:

> All: So, 1:00, 1:30 or something else?

Sensing that Mr. Manuel was trying to walk-back his prior cancellation in view of the Court's order, Mr. Semprevivo wrote to him again advising that the travel was no longer feasible, and reminding him that the accommodations had already been cancelled as stated in the 1:07PM email.

While we certainly understand why Mr. Manuel would change course so suddenly to avoid the consequences of Your Honor's order, we are now faced with the situation in which, having very reluctantly relied on counsel's representations that he could not proceed with the deposition, we have

cancelled our accommodations in Cape Cod (as we told Mr. Manuel we would do) and missed our only reasonable window of opportunity to drive to Cape Cod as Mr. Semprevivo had been planning to do for nearly a week, ever since Mr. Manuel confirmed the date, with ***full knowledge*** that we would be travelling to Cape Cod for the deposition. *See* Ex. A.

Finally, to the extent Mr. Manuel will claim that he had no intention to cancel the deposition, that claim is spurious (at best) given his initial emails, given that no link to the deposition had been provided, and given that he had no basis to believe (or right to expect) that Your Honor would rule on his eleventh-hour adjournment application ***before*** we were all scheduled to appear for the deposition tomorrow afternoon.

In light of the foregoing, we respectfully submit that Plaintiff has waived his right to depose Dr. Latimer, and request a ruling from the Court affirming the same.

Respectfully submitted,

BIEDERMANN HOENIG SEMPREVIVO, P.C.

By: /s/ Sara E. Thompson

Sara E. Thompson
Philip C. Semprevivo

*Attorneys for Defendant*
WILLIAM LATIMER
One Grand Central Place
60 East 42nd Street, 36th Floor
New York, New York 10165
Tel: 646-218-7560
Sara.Thompson@lawbhs.com
Philip.Semprevivo@lawbhs.com

Cc: All Counsel of record via ECF